UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY KENJI WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>CURTIS DILLARD and PERYNA ELIZABETH WASHINGTON DILLARD,<br><br>Defendants. | Case No. 1:22-cv-01053-JLT-BAM<br><br>ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS<br><br>(Doc. 2)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION<br><br>(Doc. 1) |

Plaintiff Perry Kenji Washington ("Plaintiff"), proceeding pro se, initiated this action on August 22, 2022. (Doc. 1.)

**I.     Application to Proceed in Forma Pauperis**

Concurrent with the complaint, Plaintiff filed an application to proceed in forma pauperis without prepaying fees or costs pursuant to Title 28 of the United States Code section 1915(a). (Doc. 2.) Plaintiff has made the showing required by section 1915(a), and accordingly, the request to proceed in forma pauperis is GRANTED. 28 U.S.C. § 1915(a).

**II.    Findings and Recommendations Regarding Dismissal of Action**

**A. Screening Standard**

The Court screens complaints brought by persons proceeding in pro se and in forma pauperis. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to

1

dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**B.  Summary of Plaintiff's Allegations**

Plaintiff brings this action against his stepdad, Curtis Dillard, and his mother, Peryna Elisabeth Washington Dillard, claiming denial of his pursuit of happiness.  (Doc. 1, Compl. at pp. 2, 6.)  Plaintiff alleges as follows:

> My mom & dad stole my ID, email, address and fradulantly [sic] got 30K$ worth of property in my name and did not give me the money.  They trashed their house possessions for insurance money.  Burned their hous[e] down then took all insurance money for me and spent it on drugs, alcohol, and hotels etc.

(Compl. at p. 5.)  As relief, Plaintiff seeks an order to stay in a hotel or apartment with furniture for two months paid by Defendants and for Defendants to pay $30,000 cash from home insurance and sale of house.  (*Id.* at 6.)

**C.  Discussion**

Federal courts are courts of limited jurisdiction and may adjudicate only those cases

2

authorized by the Unites States Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)). Without jurisdiction, the district court must dismiss the case. *See Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Generally, there are two bases for subject matter jurisdiction: (1) diversity jurisdiction; and (2) federal question jurisdiction. 28 U.S.C. §§ 1331, 1332. A review of the complaint reveals that it should be dismissed for lack of subject matter jurisdiction.

### 1. Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332, federal district courts have diversity jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000," and where the matter is between "citizens of different states." 28 U.S.C. § 1332(a)(1).

Here, Plaintiff does not affirmatively invoke diversity of citizenship as a basis for this Court's jurisdiction. (*See* Compl. at p. 3.) Plaintiff does not allege that the parties' citizenship is completely diverse. The complaint indicates that Plaintiff and Defendants are all residents of California. (*Id.* at 2.) Plaintiff also does not establish that the matter in controversy exceeds the sum or value of $75,000. Plaintiff's complaint seeks $30,000 in cash, among other forms of relief. (*Id.* at 6.) Thus, Plaintiff's complaint does not establish diversity jurisdiction.

### 2. Federal Question Jurisdiction

Pursuant to 28 U.S.C. § 1331, federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal

jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

Although Plaintiff invokes federal question jurisdiction, Plaintiff does not allege any violation arising under the Constitution, laws or treaties of the United States. Indeed, Plaintiff does not cite any particular federal statute or constitutional provision that would be applicable to the allegations in his complaint. Thus, Plaintiff's complaint does not establish federal question jurisdiction.

### D.   Conclusion and Recommendation

The Court has carefully considered whether Plaintiff, in light of his pro se status, should be provided with an opportunity to amend his complaint. However, based on the nature of Plaintiff's allegations, which show that the Court lacks subject matter jurisdiction, the Court concludes that granting further leave to amend would be futile. The deficiencies in the complaint cannot be cured by further amendment. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for lack of subject mater jurisdiction without leave to amend.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 24, 2022**         /s/ Barbara A. McAuliffe            
                                                    UNITED STATES MAGISTRATE JUDGE